IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PAINTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 8054 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PPG ARCHITECTURAL FINISHES, INC. | ) | |
| and PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff National Painting, Inc. filed a two-count first amended complaint against defendants PPG Architectural Finishes, Inc. and PPG Industries, Inc., alleging breach of contract (Count I) and common law fraud and misrepresentation (Count II). On January 20, 2015, defendants filed the instant motion to dismiss Count II and to strike plaintiff's request for attorney's fees. For the reasons discussed below, the court grants defendants' motion.

## **BACKGROUND**[1]

In June 2009, plaintiff, a painting contractor, contracted to perform interior painting and finishing services for a residential building (the "Building") in the City of Chicago. In December 2009, plaintiff inquired with defendants, which manufacturer and sell paint, about buying a "flat interior paint with superior touch up and durability" for the project. Plaintiff claims that one of defendants' sales representatives recommended a new, more expensive product ("GLB Paint") than the paint it had originally requested, stating that the new paint "had outstanding touch up and durability." On December 28, 2009, defendants communicated to

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

plaintiff and Building representatives that "all of its materials conform to the standards specified regarding performance and utility in painting the Building." Thereafter, in January 2010, plaintiff purchased GLB Paint from defendants.

Plaintiff alleges that "[a]fter using the GLB Paint on multiple floors" in the Building, it "learned that the 'outstanding touch up and durability' of the GLB Paint was an issue." According to plaintiff, the "GLB paint was not touching up as was represented to and as required by [plaintiff]." Plaintiff claims that defendants' sales representative "acknowledged that there was an issue with the appearance of the walls [in the Building] after using GLB paint and [the paint] not touching up at the Building." Plaintiff alleges that "[o]n multiple occasions in February of 2010," it met with defendants' sales representative and the sales representative's supervisor "regarding the use of GLB Paint." Plaintiff claims that "[i]n their conversations at the Building, and in subsequent meetings thereafter, [the sales representative and supervisor] implored that [plaintiff] continue to use GLB Paint and other products manufactured by Defendants at the Building and, in exchange, promised and agreed to pay all costs incurred by [plaintiff], including labor and materials, to repaint all rooms previously painted with GLB Paint."

Plaintiff alleges that based on these "mutually exchanged promises," it "continued using Defendants' products, including new batches of GLB Paint in the Building . . . and repainted all rooms previously painted and incurred substantial costs as a result." On June 6, 2010, plaintiff presented defendants with an invoice for $82,450.77 for the materials and labor incurred in repainting numerous rooms in the Building. Plaintiff alleges that in violation of their oral agreement, defendants refused to pay the bill.

**DISCUSSION**

I.  **Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

II. **Analysis**

A.  **Motion to Dismiss**

Defendants argue that Count II of plaintiff's first amended complaint should be dismissed pursuant to Rule 12(b)(6) because the two statements that are the basis for the claim are not actionable as fraud under Illinois law.[2] "Fraud has been said to comprise anything calculated to deceive" and "may consist of a single act or combination of circumstances, suppression of truth or suggestion of what is false, direct falsehood or innuendo, speech or silence, look or gesture."

---

[2] The parties assume that Illinois law applies, and in this case where diversity jurisdiction is invoked, the court agrees with that assumption. HSBC Bank USA, N.A. v. Hardman, No. 12-C-00481, 2013 WL 515432, at *4 n.3 (N.D. Ill. Feb. 12, 2013).

Russow v. Bobola, 2 Ill.App.3d 837, 841 (Ill.App.2d Dist. 1972). The elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance on the statement; and (5) plaintiff's damages resulting from reliance on the statement. Connick v. Suzuki Motor Co.,174 Ill.2d 482, 496 (1996).

Defendants contend that the allegedly fraudulent statement – that the GLB Paint "had outstanding touch up and durability," made by defendants' sales representative – is a subjective statement of opinion relating to the quality of a product. According to defendants, "[t]he Illinois Supreme Court has concluded that a seller's statement as to the degree of quality of its product, the truth or falsity of which cannot be precisely determined, is not actionable as fraud." Defendants argue that the sales representative's statement "is only a statement of [his] opinion about the paint," similar to other puffery, such as claims that a product is "high quality" or "perfect."

Plaintiff argues that the sales representative's statement was "beyond mere puffery, and [is] therefore actionable as fraud," because it "goes beyond 'a bare and naked statement' of GLB Paint's value." According to plaintiff, the "statement is a fraudulent misrepresentation not because it described GLB Paint as 'outstanding,' but because it described it as 'touch up' paint, which it clearly was not." Plaintiff argues that the "truth or falsity of Defendants' statement" was determined when the paint did not touch up well at the Building. Plaintiff contends that the statement can be interpreted as a "factual description of GLB Paint's purpose."

Under Illinois law, "puffing" is a "bare and naked statement as to value of a product and is considered a nonactionable assertion of opinion." Miller v. William Chevrolet/GEO, Inc., 326 Ill.App.3d 642, 649 (Ill.App.1st Dist. 2001) (internal quotes omitted). However, "[s]tatements of

existing facts or comments that ascribe specific virtues to a product are not generally considered puffing and may be the subject of a fraud claim." Id. "Whether a representation will be considered one of opinion or fact depends upon the circumstances of the case." Id.

As discussed above, plaintiff bases its fraud claim not on the sales representative's use of the word "outstanding," but instead on his description of GLB Paint as a "touch up" paint. Contrary to plaintiff's contentions, the sales representative's statement – that the paint has "outstanding touch up and durability" – is not a statement of fact. Defendants' sales representative was not touting GLB Paint as a "touch up paint," but instead was describing one of its qualities: that it touched up well. Because almost all interior wall painting requires some touching up, the sales representative was expressing his opinion as to the quality of the paint in performing this function. This opinion is different then the fraudulent statement made in Miller, where whether the used car had been "executive driven" was provable as either true or false. Id. Unlike in Miller, whether GLB Paint touches up well is subjective. Accordingly, the statement was mere puffery, and therefore not actionable under Illinois law.

Plaintiff also alleges in Count II that defendants fraudulently represented that they would pay for all costs incurred by it, including labor and materials, to repaint rooms in the Building where the GLB Paint did not touch up well. Defendants argue that this alleged statement is not actionable under Illinois law, because it is a promise of future performance. According to defendants, because plaintiff has not alleged "specific, objective manifestations of fraudulent intent" in support of its claim that defendants participated in a scheme to defraud plaintiff, the allegation fails.

In its response brief, plaintiff concedes that "promissory fraud is *generally* not actionable." However, relying on Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992), plaintiff

argues that such statements are actionable where "a party makes a promise of performance, not intending to keep the promise but intending for another party to rely on it, and where the other party relies on it to his detriment." According to plaintiff, defendants made numerous promises that they would pay for the cost of repainting the rooms, "while presumably never harboring an actual intent to pay for Plaintiff's costs incurred." Plaintiff argues that it relied on the promise of repayment, and that defendants benefitted from it continuing to use GLB Paint.

Plaintiff also contends that there is an exception to the general bar on promissory fraud where the defendant's fraudulent behavior is particularly egregious. Plaintiff argues that "Defendants' factual misrepresentations are egregious," because they "are indicative of Defendants' ability and willingness to bully a smaller and less financially stable company." Unfortunately for plaintiff, its complaint does not sufficiently allege either exception to the bar against promissory fraud claims.

The allegedly fraudulent statement plaintiff points to undoubtedly falls into the category of promissory fraud. See, e.g., Gov't Payment Serv., Inc. v. LexisNexis VitalChek Network, Inc., No. 12-C-1946, 2012 WL 1952905, at *7 (N.D. Ill. May 29, 2012) (promissory fraud consists of false statements of intent regarding future conduct rather than false statements of present fact). Defendants correctly contend that such misrepresentations are generally not actionable under Illinois law. See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 131 Ill.2d 145, 168 (1989) ("[M]isrepresentations of intention to perform future conduct, even if made without a present intention to perform, do not generally constitute fraud."). Promissory fraud claims are generally disfavored because "anyone with a breach of contract claim could open the door to tort damages by alleging that the promises broken were never intended to be

performed." Bowers, 978 F.2d at 1012, quoting Hollymatic Corp. V. Holly Sys., Inc., 620 F. Supp. 1366, 1369 (N.D. Ill. 1985).

However, Illinois courts recognize an exception for "schemes of promissory fraud." See Shield Technologies Corp. v. Paradigm Positioning, LLC, 908 F.Supp.2d 914, 919-20 (N.D. Ill. 2012). The Seventh Circuit has explained that "promissory fraud is actionable only if it either is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." Desnick v. American Broad. Companies, Inc., 44 F.3d 1345, 1354 (7th Cir. 1995).

In Bowers, the Seventh Circuit held that to prove that the defendants made the promise never intending to keep it, the plaintiff must allege "specific, objective manifestations of fraudulent intent." Bowers, 978 F.2d at 1012, citing Hollymatic, 620 F. Supp. at 1369 ; see also LeDonne v. Axa Equitable Life Ins. Co., 411 F.Supp.2d 957, 960-61 (N.D. Ill. 2006) ("[T]he burden of proof on a promissory fraud claim is 'deliberately high.'"). As defendants point out, plaintiff has not identified any "specific, objective manifestations of fraudulent intent." Plaintiff's complaint merely alleges, that "Defendants had no intention to reimburse National Painting . . . otherwise it would have immediately reimbursed National Painting." As held in Rosenblum v. Travelbyus.com, Ltd., No. 01-C-6441, 2002 WL 31487823, at *3 (N.D. Ill. Nov. 6, 2002), "[a] fraud claim cannot be supported by allegations that promises were broken and therefore were never intended to be kept." See also Le Donne, 411 F.Supp.2d at 960 ("[B]ald assertions that the defendant never intended to keep a promise are insufficient to state a claim for promissory fraud.") (internal quotes omitted). Plaintiff's allegation that "Defendants intended to induce National Painting to enter into a contract to purchase the GLB Paint and subsequently

reuse GLB paint (and other products produced by Defendants) to repaint previously painted rooms in their entirety by making the false statements," does not qualify as a "specific, objective manifestation of fraudulent intent." Instead, such assertions are based on circumstantial evidence and inference. See Bowers, 978 F.2d at 1012.

Plaintiff also fails to allege that the fraudulent statements were a part of some "larger pattern of deceptions or enticements." Desnick, 44 F.3d at 1354; see also LeDonne, 411 F.Supp.2d at 961 (requiring an elaborate artifice of fraud). In fact, plaintiff contends "[u]pon information and belief" that defendants "did in fact pay for materials and labor costs incurred in repainting rooms" for other clients who used GLB Paint. While plaintiff alleges that defendants made the allegedly fraudulent representations multiple times, such an allegation, without more, does not raise plaintiff's claim to an actionable promissory fraud case. See LeDonne, 411 F.Supp.2d at 962 (oral promise issued on two occasions not sufficient to plead fraudulent intent where plaintiff fails to claim that defendants engaged in other acts of trickery or perpetrated this type of fraud as a regular practice or on any grand scale).

Nor has plaintiff sufficiently alleged that the fraud is particularly egregious. The fact that plaintiff is a smaller company than defendants does not make the alleged misrepresentations egregious. Accordingly, even reviewing plaintiff's amended complaint in the light most favorable to plaintiff, there is nothing "particularly egregious" about the alleged fraud, and plaintiff has not identified a larger pattern of deception by defendant. Plaintiff in the instant case has "merely repackaged its breach-of-contract claim as a claim for fraud." Shield Technologies, 908 F.Supp.2d at 920. Consequently, the court dismisses Count II of plaintiff's first amended complaint.

**B.      Motion to Strike**

The court also grants defendants request to strike plaintiff's request for attorney's fees from the first amended complaint pursuant to Fed. R. Civ. P. 12(f).  As defendants point out, absent statutory or contractual agreement, each party must bear its own attorney fees and costs.  Krumlauf v. Benedictine Univ., No. 09-C-7641, 2010 WL 3075745, at *2 (N.D. Ill. Aug. 4, 2010).  Plaintiff has not asserted any statutory or contractual basis for an award of attorney's fees, and has not contested defendants' request to strike.  Consequently, the court grants defendants' motion to strike.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss and to strike is granted.  The parties are directed to prepare and file a Joint Status Report using this court's form on or before April 13, 2015.  This matter is set for status on April 16, 2015.


**ENTER:       April 1, 2015**

_____
**Robert W. Gettleman
United States District Judge**